J. L. WILLIAMS v. TOM MOORE CARRUTH, MELVILLE WILLIAM CARRUTH, JR., DOROTHY CARRUTH, JOHN W. McWHIRTER, *et ux.*

190 So. 257
Division B
Opinion Filed June 30, 1939

794

*Wm. C. McLean,* for Appellant.

*Gibbons, Vega & Gibbons,* for Appellees.

WHITFIELD, P. J.—This appeal taken by a proposed purchaser, is from an order dismissing for want of equity, a bill of complaint seeking specific performance of a contract for the sale of real estate.

The contract contains the following:

"Tampa, Florida, November 19, 1938.

"Warren-Henderson Realty Company, Inc., Agent, acknowledged receipt from J. L. Williams, hereinafter called Buyer, of $500.00 as deposit .on account of offer to purchase the property of M. W. Carruth, Estate, hereinafter called the Seller, said property being known as Lots 16 and 17 in Block 3 of Beach Park, unit No. 1, otherwise known as 4815 Beach Way, Tampa, Florida, upon the terms and conditions as follows:

"FULL PURCHASE PRICE $4,250.00, payable_____in cash of which the above deposit shall apply as part and shall be held by said Agent in escrow pending closing of transaction; balance payable in the following manner:

"Acceptance of this contract is made subject to the requirements of, and approval of the Probate Court.

"This instrument shall become effective as a contract when signed by Agent, Buyer, and Seller. If not signed by all parties on or before_____any monies deposited shall be refunded and the proposed transaction shall terminate. Time is of the essence of this contract.

WITNESSES AS⋅TO    WARREN-HENDERSON REALTY CO., INC.,
SIGNATURES OF        Agent             (SEAL)
BUYER:            By: Geo. N. Bickner

T. Roy Young      Above offer hereby confirmed:
Beman Beckwith    J. L. Williams        (SEAL)

WITNESSES AS TO       Buyer
SIGNATURES OF      ACCEPTED AND APPROVED:
SELLER:          this 19 day of November, 1938

T. Roy Young      Tom Moore Carruth (Exec.)    (SEAL)
Beman Beckwith      Seller"

It is alleged that the property was owned by four persons as tenants in common, one of whom is an insane person; that on November 19, 1938, three of the owners including the defendant, Tom Moore Carruth, "by and through their duly constituted and appointed agent and attorney in fact, Tom Moore Carruth, purporting to act for himself and as agent and attorney in fact for the defendants, Melville William Carruth, Jr., and Dorothy Carruth, entered into a written agreement with the plaintiff for the sale of said real property, which said agreement was signed by the said Tom Moore Carruth and the plaintiff and by which Tom Moore Carruth covenanted and agreed for himself and on behalf of the defendants, Melville William Carruth, Jr., and Dorothy Carruth, for and in consideration of the sum of $4,250.00 to be paid as hereinafter mentioned, well and truly to convey by good and sufficient warranty deed in fee simple, free and clear of all encumbrances or liens, except taxes for the year 1938, to the plaintiff, his heirs or assigns, the parcel or tract of land above described. That the remaining undivided one-fourth interest in said property was on November 19, 1938, owned by one John A. Carruth, an insane person, who together with the defendants, Tom Moore Carruth,

Melville William Carruth, Jr., and Dorothy Carruth, were the owners of said property in fee simple, as the heirs at law of M. W. Carruth, deceased, and that on account of the incapacity of the said John A. Carruth as aforesaid, to convey his undivided one-fourth interest in said real estate, it was understood and agreed that the sale of the interest of the said John A. Carruth in said property, was subject to the requirements of and approval of the Probate Court of Hillsborough County, Florida; and the defendant, Tom Moore Carruth, in consideration of the execution of said agreement did then and there agree that he would make application to the Probate Court of Hillsborough County, Florida, to have himself appointed as the guardian of the estate of the said John A. Carruth, and further that he would forthwith institute the necessary statutory proceedings to obtain the approval by the Probate Court of Hillsborough County, Florida, of the sale of the undivided one-fourth interest of the said John A. Carruth, in and to the said premises for one-fourth of said sum of $4,250.00, to carry out the purpose and intent of said agreement; and in consideration whereof the plaintiff covenanted and agreed to pay to the owners of said property, described in said agreement as the 'M. W. Carruth Estate' the sum of $4,250.00 in cash and the plaintiff thereupon paid to Warren-Henderson Realty Company Inc., as agent for said vendors, the sum of $500.00 in cash and as part payment of the full purchase price of said property. A copy of said contract is annexed to the original bill of complaint marked as Exhibit 'A,' and by reference made a part of this, the plaintiff's amended bill of complaint."

There were other allegations relating to the purpose and effect of the contract as made, the substance of which contract is set out above. But the contract does not sustain

the allegations with sufficient completeness to warrant a decree for specific performance of the contract as prayed. It is also alleged that the property has been sold to another who is made a party defendant.

The prayer of the amended bill of complaint contains the following:

"That the defendants, Tom Moore Carruth, Melville William Carruth, Jr., Dorothy Carruth, John W. McWhirter and his wife, Murrel H. McWhirter, may be decreed specifically to perform the said agreement entered into with the plaintiff as aforesaid and to make a good and sufficient deed of conveyance to the plaintiff for an undivided three-fourths interest in said premises, the plaintiff being ready and willing and hereby offering specifically to perform the said agreement on his part with abatement from the purchase price in an amount equal to one-fourth of said sum of $4,250.00; and upon the defendants making out a good and sufficient title to an undivided three-fourths interest in said premises and executing a proper conveyance thereof to the plaintiff pursuant to the terms of said agreement to pay to the defendants three-fourths of the remainder of the purchase price as provided in said agreement."

It is signed by Tom Moore Carruth, Executor, but not as agent for any of the other owners and the terms of the contract do not purport to bind the four alleged owners of the property. One of the tenants in common was an insane person and the contract was expressly made 'subject to the requirements of and approval of the Probate Court.' No such approval is shown. The other two owners are not bound by the contract even if Tom Moore Carruth is, and the offer made was for the entire property. Even if the defendant, Tom Moore Carruth, is bound by the contract *as made,* he cannot convey the interests of any of the

others on the allegations of the amended bill of complaint, and they are not bound by the contract.

The prayer for specific performance against three of the owners and the purchaser of the property and his wife cannot be enforced on this record.

Affirmed.

BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS, not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.